24-9566 Bonilla-Espinoza v. Bondi and Mr. Ryan if you would proceed. Thank you your honors and may it please the court Brendan Ryan on behalf of the petitioner I would like to ask for two minutes for rebuttal if possible. Your honors this case concerns a 29 year old man whom the agency found to be fully credible and who was repeatedly targeted because Salvadoran police falsely labeled him a gang member and imputed to him his mother's anti-police pro-human rights activist. Over the course of five years he and his family were repeatedly harassed by police both on the streets and in their store. He was arrested and imprisoned three separate times despite the innocent of all charges and during each of those detentions he was beaten, abused, and tortured and perhaps most importantly his mother and his sisters have now been disappeared by the Salvadoran government for more than three years and he has no idea whether they are still alive. Yet despite these unrebutted facts the agency denied all relief to petitioner on asylum, withholding, and cap. That was error for at least three reasons. First the agency ignored material evidence supporting his asylum claim based upon political opinion. How do we know that? Counsel how do we know they ignored it? Because don't we start with a presumption that don't we start with a presumption that they didn't? So we start with a presumption that they didn't your honor except when we see no evidence in the actual decision that they considered that evidence it raises a really important question of whether they did. How do we square that argument with our authority that says they don't have to write everything down in the decision? So I think you square that your honor with the authority from this court's decision in Carkey which says that when the agency ignores material evidence that is legal error and here your honor there was very important material evidence that was not dealt with at all in either the the IGA's decision or in the agency's the board's decision on appeal and we believe that that... What was material evidence that he had testified that he never said anything at these meetings he just accompanied his mother so what is the material evidence that was disregarded? So two categories of material evidence your honor the first is his evidence that directly ties the police's actions to both his but I think most importantly your honor his mother's political activism including evidence I give you a couple examples he talked about how his mother was promoter of FESFOD which was that human rights organization in El Salvador he explained that the police repeatedly harassed both him and his mother and his family at their store where his mother displayed I think quite proudly her FESFOD diploma he explained how his mother pushed back against police abuse telling officers to behave to respect people's rights I think also went into the community and actually defended members of the community when the police were overreaching and I think the other really important piece of evidence that he gave was when he was arrested in September of 2021 that was the second arrest his mother came to the scene and advocated for him and told the police to respect his rights and the police ignored her and then arrested him and and told him that he was lucky that she was there otherwise they would have no idea where he was and so we think that that shows quite persuasively that the police were aware of who his mother was that she was a community activist that she defended people in the community and I think that the evidence shows that they imputed that political opinion that human rights activism not only to her obviously but also to him and so we think that's other evidence as well right other evidence that would cut the other way and suggest that he was treated this way because of suspected gang membership and that many people in the community were treated the same way as him which would cut against the idea that this was based on his mother's activism there was other evidence your honor that that is correct the this would be a different case though if the IJ and the agency had considered the evidence that I just I just articulated and also the conditions that but but that gets us back how do we know they didn't because they said nothing about it your honor and we think this was really important evidence for the for the agency to consider it and I want to just touch briefly on the country conditions evidence that shows that what the police are doing here it's all pretextual and we think that's really important to the evidence shows that when the police in El Salvador want to harass somebody what they will do is they will charge somebody with something called elicit association and there's really just a pretext to harass and detain whomever they want and we think that that is it is exactly what happened here he testified both in his affidavit and I think at the hearing as well but that's what the police do they charge you with us just elicit association whenever and I think you use the words whenever they have nothing else to charge it with and we think that that's oh that was very no I'm sorry I didn't mean to talk over you we think that that was something that the agency needed to consider if she was if the agency was going to take the position that the only reason why he was being targeted was because they they suspected him of a gang affiliation they needed to deal with the countervailing evidence which suggested that this was all just a facade it was all just pretext and that we think was error and requires the problem I that I want to that I had struggled with mr. Ryan and if you could address it both with regard to the perceived membership in a gang and as in on your first point the failure to consider his political opinion or political participation in Fesbad is not only did he fail to timely file a notice of appeal that even if you were to entertain the notice of appeal even though it had not been timely filed my recollection is that he never made any argument any of the two arguments that you started with he never argued that there was a failure to consider mixed motive that perception and that he was tied to his mother's integral role in Fesbad or the perceived gang membership the IJ determined that but he never included that not only in his not only if you I mean even if you disregard the timeliness it's not in the notice of appeal in my main correct about that so his notice of appeal your honor I think the notice of appeal itself was timely I happened was he tried to file a brief and the break clear sorry yeah you're right he was he never included the substance of the argument to the BIA so they never were able to consider it right yeah he as I understand it your honor he filed that brief late in the in the agency rejected it and never considered it but I will note that first of all he was pro se when he was doing all this he was detained and he's also not a native English speaker but relatedly one of the things that he said in his notice of appeal was that he didn't believe that the that the IJ had taken his evidence serious and then he cited a couple different pieces of evidence that he thought were really important including the fact that he had been arrested multiple times for I think what he said no no legal reason and also he testified he put in the notice of appeal the evidence about how his mother has been detained and disappeared for the last three years you're making some interesting arguments and saying that the BIA in particular didn't address these and boy that puts a burden on the BIA to take that one paragraph and say oh he's arguing this protected activity this protected status etc and you didn't pay attention to it and the BIA's got to read minds and be very creative and deciding what sort of issues might be encompassed by that notice of appeal that's an impossible burden for the BIA isn't it I don't I don't think it is your honor and I think the fact that the BIA then took the time to actually write out a decision a short one dictates or you know shows that they understood what he was saying that he was saying that there was evidence well I think we have cases saying if you want to say it's preserved because of what is addressed in the BIA opinion the BIA opinion does not satisfy the requirements for preservation by the BIA opinion you agree on that don't you I do your honor yeah here's I think you have some interesting arguments if they've been made to the BIA maybe things we have to but to to expect the agency to to respond to the detailed well-developed arguments in your brief in response to a one paragraph notice of appeal is just asking a lot of the agency I mean that yeah well I will know one other thing your honor the agency could have accepted his actual late filed appeal and if we have yeah they could have to but they could have if we had that in the record we could have you know taken a more serious look at whether he had exhausted those issues I will know also that the agency addressed each of the issues that we've raised today with regard to asylum cat and due process and I think I think there's a well-articulated strand of law that says that when you have you're dealing with a pro se detained prisoner we liberally construe the things that they file and I think that that also supports a reason why exhaustion has been met here and and so for those reasons we think that the court ought to consider the arguments that we're making here today I do want to one more or a couple more issues if I may your honor really importantly being the fact that we think that the agency committed legal error when it categorically rejected the particular social group individuals perceived to be gang members without performing any of the analysis required by law well let me ask about that I want to hear that third also but that's the one that I difficult to see how the VIA was going to address that and explain its view because that you just don't see that in the notice of appeal and I'm not sure you'd see that even in the proceedings before the IJ but that's good well well so the issue your honor there is that when the IJ can considered that that potential PSG she just rejected it out of hand she said I think I quote it's just not a protected ground and then said it's consistently held not to be a protected ground for purposes of asylum and that's just not right this court's holding an estimate it may be totally wrong but you have to ask the BIA and it tell them and then they they might well have a good reason for rejecting that as as a classification that's entitled to protection but to to it well go ahead and give you you're running out of time and I shouldn't be asking too big but what's your third issue right well and so I think you all understand that issue and I think the third issue really gets to the cat cat point your honor which is that the agency failed to consider material evidence and also applied in correct legal standards in connection with that I'll just know kind of two related points one there was a mischaracterization and downplaying of the actual evidence of torture that petitioner provided we think in the opinion that the IJ issued and was affirmed by the agency you can see an escalation in treatment in the type of treatment he was receiving in the evidence that he provided with regard to past torture and also country conditions evidence showing that the situation in El Salvador is getting worse not better and so if he were to be returned the possibility of future torture is quite pronounced and so so we think so what was I mean as I as I read his testimony before the IJ I I felt like she was trying to get out of him details of what was done to him and that she received in return answers that were vague and not necessarily responsive it was inhumane they tortured me I mean what what did he testify to what acts of torture did he testify to so yeah so a few examples your honor one he talked about how he was beaten up several times and treated like an animal but that's vague they beat me up and treated me like an animal I'm I'm the I'm I think I'm interested in testimony that would be more to the effect of they repeatedly punched me in the face and blacked both of my eyes and knocked two of my teeth out yeah and I'm not suggesting that's the proper level of severity but that would be more of the level of detail wouldn't it yes and he well he did provide testimony about during his third detention he was brutally beaten on both ears such that he has permanent ear damage moving forward and so that is a more specific example your honor ultimately we think that between the evidence that he did provide on past torture plus the country conditions evidence showing an escalating the worst situation in El Salvador demonstrates that he is eligible to relief under CAD so let me ask you a question about that if judge hearts will indulge me sure assume assume that the prior instances of alleged torture were too vague for us to rely on and we're just we're just at the one where they said where they caused him hearing damage is that one incident by itself under under the case going to be enough to to establish that that he was tortured and entitled to relief I think I think it could be your honor enough to create a rebuttable presumption of future torture because of the experience that he had with regard to past torture when you couple that with the country conditions evidence showing a situation that is worsening in El Salvador with regards to the treatment of prisoners and and the treatment by detained individuals by police we think that that's efficient do you have an analogous case that I could look at your honor I don't have one off the top of my head but we'd be happy to provide one to the court okay I appreciate it sorry sorry for running over thank you counsel mr. Kelch good morning ma'am please the court my name is Gregory Kelch representing the United States Attorney General I'll begin by apologizing for any echo you may be hearing we have several hearings happening this morning and unfortunately I could not get one of the preferred rooms I will try hearing you fine right now oh thank that's good to know also I do want to remind the court that there is a companion case is currently before this court number 25 9 5 5 2 emotion BIA's denial of a motion to reopen and so some of these new process arguments you will be hearing again in that future case um I think I want to begin with a couple of points and the first I want to make is that immigration court hearings are like other court hearings they're adversarial in nature and remember that the Department of Homeland Security also has a right of appeal it's not the role of an impartial judge to be creating legal theories for the alien for the unrepresented alien the judge's role which judges will typically do is to help the alien the prosaic alien present his own claim and the claims that we presented before the immigration judge were first political opinion persecution well the problem with his political opinion argument is that his problems with the police began before he and his mother joined FESPAD he testified that he started having problems with the police in 2017 they would stop him asking for information they would beat him sometimes one point they arrested him and held him for nine months before he was exonerated in court it was then that he and his mother joined FESPAD so he had these problems before he became politically active stands to reason that his political activism did not have motivated his mistreatment well his argument I would assume his rejoinder would be well that's exactly what he means in referring to a mixed motive he's arguing that there was not only a persecution and potentially torture based on his affiliation with FESPAD but also because of his perceived gang membership which preceded his involvement with FESPAD accompanying his mother well the immigrant oh those are two separate grounds so let me take them each in turn first with political opinion of the immigration judge asked him in court how did you express your your political opinions and his testimony referred back to his participation in FESPAD which again began in 2018 after his arrest and detention for nine months in 2017 then that brings us next to political social group but he doesn't go to background so that brings us next to particular social group and as this court is aware there are a million different ways for one to craft one's particular social group and how one crafts that group does matter I think what the immigration judge did here is she took the claim as a whole she took his claim what was the gist of his testimony before the court and the gist of his testimony was that he lived in an area an impoverished area where you have gang crime on the one hand gang control on the one hand and an overzealous heavy-handed police force on the other and he was asking if he could get asylum for that backpack the problem was that he testified and repeatedly over and over again that the police treat everyone in his neighborhood this way it wasn't being singled out this is just what they do they stop people on the streets and ask them for information and when innocent people don't have the information then they become beaten and sometimes arrested and charged with collaborating with criminals and unfortunately it is my job to remind the court that asylum isn't a catch-all remedy for the hardships that people outside the United States are experiencing it's a very limited and specific remedy it has to be taught to have a nexus to a protected ground like particular social group Mr. Kelch let me probe that just a little bit you argue is understanding that there's really not a that it didn't satisfy the ground for a particular social group because the characteristic was so widespread the government perceived everyone as as gang members but that's not what the IJ said the IJ said that not because it was too widespread it was because perceived gang membership ipso facto cannot be a particularized social group period right well so first of all what the judge said is technically correct it's not a ground active grounds are raised religion nationality membership in a particular social group well yeah yeah he was saying that it cannot qualify as I remember it it cannot qualify as a particularized social group perceived gang membership period presumably because if you're a perceived gang membership that's good not bad but obviously there are some circuits that said to the contrary that if a if a foreign government uses pretext to improperly characterize with a broad brush a whole wide group of people as gang members that that could be a particularized social group but the IJ decided that suespante because mr. Bonilla hadn't challenged that but she did decide that right well I don't know that she did so I'm looking at the judges decision on pages 20 to 29 of the administrative record and on page 28 she says first the court considers on account of a political opinion and then there's much discussion about political opinion then we come to the next page where we have the sentence that that you know and then she ends that sentence after saying it's not a protected ground this does not support a finding that he suffered and that anything he suffered was on account of any political opinion or a computer political opinion and then she says next the court considers membership in a particular social group so I'm not quite sure what the immigration judge was getting at quite there I will say that but I think that if you continue reading the decision on pages 29 and 30 where she does talk about particular social group what she's saying is that this is how the police treated everybody in the neighborhood he's not being singled out and targeted for any particular characteristic the police are doing this to a very wide swath of the population that unfortunately includes his mother's and others outside of his age group and gender and I think that's what the immigration judge was getting at what was the click in what was the claim that he was presenting to the immigration court it wasn't an argument about pretext he also did not define a particular social group he did not claim imputed gang membership his claim over and over again was that this is how this is what they're doing to everybody the heavy-handed police in my neighborhood do this to everybody and with the immigration judge reasonably held was well that does not qualify him for asylum because it's not connected to a protected to a protected ground and I think when you cancel let me let me let me break in here and ask you a question I think you've made that point assume for a moment he had raised his hand and said oh I have a I have a social group particular social group judge it's the that they're imputing that I'm a member of a gang and and that's why I'm being singled out and the judge says no such thing we don't recognize that thanks you lose on that would would the judge have been right so are you asking about cognizability or are you asking about Nexus like what was the motivation for the police I'm asking whether it's cognizable at all okay she indicated that it wasn't right I'm not quite sure what the immigration judge was saying there quite frankly because she ends it with with a political opinion I don't know if she just misspoke she was thinking about opposition to gangs is not a political opinion what's this imputed gang membership is consistently held not to be a protected ground for purposes of asylum well it's not a protected ground I just listen to this there's five grounds who you think maybe she's referring to a particular social group but maybe she's also referring to a political opinion I I recognize the issue is there but when we go on in the next paragraphs now there's analysis about what motivated well regardless of what the IJ said does it satisfy imputed membership in a gang does it satisfy the requirements for particular social group is there an immutable characteristic is it some but something you can look at the person and readily identify or somehow readily identify the people does it does it fit those requirements respectfully judge hearts we stand by matter of EAG I know it's not been well received in the circuit courts of appeal but we stand by that criminal gangs criminal street gangs are not particular social groups I'm not talking about that I'm not talking about gangs being it's imputed membership in a game and that's that is that something you can tell how do you tell whether someone fits that description and is that something immutable well it isn't immutable now it is what it is not immutable of course someone couldn't not joint drop out of the game a former gang membership can be immutable because once you have that label yeah never be able to shake it but no we don't think that gang membership has immutable characteristic on that thinking the point I wanted to make was the BIA and many courts have recognized that taxi cab drivers are not a cognizable particular social group because your profession is not immutable so taxi drive cab drivers are not a particular social group it stands to reason that imputed membership in a group defined as taxi cab drivers would not qualify one for asylum and by that same thinking we would say well then imputed membership in a group called criminal gangs ought not to qualify one for asylum either but now at this point I would bring the court back to the notice of appeal we're having this conversation because the notice of appeal said the agency didn't take my evidence seriously you know I think I can give you my argument I hope the court recognizes that the BIA cannot be expected to jump down these rabbit holes when all they were asked when all they were trying to do was just review the decision that the immigration judge gave and find that it was reasonable Mr. Kelch could I probe that just a bit I'm sensitive to that argument I think it has a great deal of appeal the the I will tell you the the question that I struggle with is that he didn't as I as I recall Mr. Ryan may disagree with this and I may be wrong that he didn't include that in the notice of appeal I don't think he included it even in his brief that was not timely filed and so the BIA could very well have said as we frequently do well Mr. Bonilla is waived any challenge to what the immigration judge said with regard to characterization of perceived gang membership as a particularized social group but the BIA did not say that the BIA echoed what the IJ said as I recall I could be wrong that said that perceived gang membership is not a particularized it does not qualify as a particularized social group and so it seems that it it implicates some of our case law that says even when someone doesn't challenge something if if the adjudicator decides it well the adjudicator decide it rather than so anyway could you could you address that well the problem that you've also held is that when you take that concept too far what you do is you scare the agency away from saying anything in its decisions you know here we have a man who's a pro se alien as Mr. Ryan noted he's English is not his first language he's representing himself he filed a notice of appeal yeah the BIA could have written a one paragraph and said well hey this isn't specific enough and therefore we're just going to to dismiss your entire petition they made an effort they they tried to do the right thing here they looked at the immigration judge's decision and made a review of it but does that mean that now we can also fault them because they didn't talk about pretextual arrest they didn't talk about different particular social groups and you know today he's talking about a gang membership it could have been family membership it could have been membership in the feds pad young men in his neighborhood you can define these groups a million different ways it's not reasonable to expect the BIA to go down all those rabbit holes and then if I put my 30 seconds remaining I do want to make clear with regards to cap protection one agency reasonably found he can avoid future harm by relocating to another area of El Salvador he has to show a clear probability of torture not just a possibility so that was reasonable and also I do want to point out to the court this was not what he described was not rise level of torture but even if it did there is no presumption of future torture in cap protection law it's only one factor of money to consider and with that I will conclude thank you all very much thank you counsel I know you wanted to have a couple more minutes this happens all the time I'm sure you are aware of that but I think we got your arguments and I appreciate I appreciate that thank you for thank you for indulging us I appreciate it thank cases submitted and counsel are excused